■ MOUNTAIN IRON AND SUPPLY COMPANY, Respondent-Appellant, v. JOSEPH T. J. STEWART, Appellant-Respondent.— Order unanimously modified on the law by reversing so much thereof as denies defendant's motion for summary judgment, motion granted and complaint dismissed, and as so modified, affirmed, with costs to defendant-appellant. Memorandum: In this action to recover the amount of a judgment rendered against defendant by the District Court of Kimball County in the State of Nebraska, defendant moved for summary judgment dismissing plaintiff's complaint on the ground that the Nebraska court did not have jurisdiction of defendant's person. He alleges and the proof shows that no summons or other legal process was ever served upon him, that he did not appear in the action either in person or by attorney and did not authorize anyone to appear in his behalf. Plaintiff alleges that in its action to foreclose a lien personal service was made upon Robert L. Wickser, as defendant's agent under a power of attorney signed by defendant, and that Wickser, as such agent, employed an attorney who demurred for Wickser individually and as agent for defendant and also answered for Wickser and on behalf of defendant herein, " only to the extent that said general powers

of attorney may impose a duty upon" Wickser to represent or protect the interests of defendant. The Nebraska judgment, without any recital of the manner in which personal jurisdiction of the defendant had been obtained, ordered that the plaintiff recover judgment in the sum of $18,932.22 against various defendants including the defendant herein. Special Term denied defendant's motion for summary judgment dismissing plaintiff's complaint and also denied plaintiff's cross motion for summary judgment in the amount demanded in the complaint. In our opinion defendant's motion for summary judgment should have been granted. " Service on an agent or attorney is not sufficient * * * except where the person to be served expressly authorizes an agent to receive process for him." (72 C. J. S., Process, § 31, p. 1034.) Service of process on Wickser or appearance by him as agent for defendant could not subject defendant to the jurisdiction of the Nebraska Court unless the provisions of the power of attorney conferred authority on Wickser to so act on defendant's behalf. We find nothing in the power of attorney or any of the documents related to it which confers such authority on Wickser. No provision thereof expressly gives such authority and the provision that Wickser shall have " all power necessary" and " do all things necessary to effectuate such program" cannot be construed to grant Wickser any more authority than is reasonably related to the powers already bestowed upon him by the more specific provisions of the document, i.e., to enter a lease, to execute a transfer order, to sell, assign or convey equipment, to lease back equipment and to receive proceeds. These limited business and administrative powers are unrelated to the unlimited authority to appear, prosecute, or defend litigation that plaintiff contends the power of attorney grants to Wickser. It appearing that defendant was not served with process and that Wickser lacked authority to receive process on defendant's behalf or to subject defendant to the jurisdiction of the Nebraska court, defendant's motion for summary judgment should have been granted. Plaintiff's motion was properly denied. (Appeals from order of Erie Special Term denying motions for summary judgment.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.